UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JASON DRAKE, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. H-11-1989 |
| | § | |
| WELLS FARGO BANK, N.A., *et al*, | § | |
| | § | |
| Defendants. | § | |

**OPINION AND ORDER**

Pending before the Court is Defendants Wells Fargo Bank, N.A. ("Wells Fargo") and Bank of America, N.A.'s ("BOA") motion to dismiss Plaintiff Jason Drake's original state court petition. Doc. 7. Drake filed his original petition in state court for the 9th Judicial District of Montgomery County on May 2, 2011. Doc. 6-2. Defendants removed the case to this Court on May 26 (Doc. 1) and shortly after filed their motion to dismiss. Drake has not responded to that motion.

Having considered Defendants' motion, the facts of this case, and the applicable law, the Court finds that Defendants' motion should be granted, but that Drake should be granted leave to amend his complaint to state a viable claim.

Background

This case arises out of an allegedly wrongful foreclosure of Drake's property conducted by Wells Fargo and BOA. Although he does not claim as much, it appears from Drake's original petition that he obtained a mortgage to purchase a piece of real property in Montgomery County, Texas. By late 2007, BOA "was the servicer and holder of Plaintiff's promissory note." Doc. 6-2 at 3. Drake alleges that he was not in default on his mortgage (*id.* at 4) but BOA nevertheless "stopped accepting Plaintiff's mortgage payments. Each check that Plaintiff was making was

being automatically mailed back." *Id.* at 3. Drake alleges that he continued to make timely payments but "none of the payments were credited to his account and upon Plaintiff's inquiry to Bank of America, no explanation was given regarding Bank of America's refusal to accept the payments." *Id.*

Drake alleges that he continued to make timely, monthly payments to BOA and repeatedly inquired "with BOA about his account, and otherwise try to resolve the situation. *Id.* at 4. On November 4, 2008, Drake alleges that BOA sold his property to Wells Fargo in a foreclosure sale, but that he received no notice of the sale and did not discover it until many months later. *Id.* In January, 2009, "Plaintiff began to receive numerous telephone calls and automatically generated correspondence from Bank of America." *Id.* Drake states that he discovered in early January, 2009 "that his home had been listed with a realtor for sale and that Wells Fargo was the seller." *Id.* Drake "immediately contacted Wells Fargo and Bank of America; however, neither Bank of America nor Wells Fargo had any information as to the status of Plaintiff's account or property." *Id.*

In response to the impending sale, Drake contacted a "housing solution provider . . . to try to sort out the confusion." *Id.* A representative of the provider contacted a BOA representative who, after researching the matter, "explained that Plaintiff's home was put into foreclosure 'in error' and that it should have been brought out of foreclosure." *Id.* Drake claims that he and "the housing solution representative worked out an oral agreement with Bank of America to reinstate Plaintiff's mortgage so that he could resume making payments." *Id.* He states that he "relied on this agreement, and he was ready, willing, and able to resume making his payments." *Id.* Drake received no written confirmation from BOA regarding the purported agreement. *Id.*

On April 13, 2010, Defendants issued a "Notice to Vacate" and initiated eviction

proceedings against Drake on July 23. As a result, Drake alleges that he has suffered extreme emotional distress and other damages which form the basis of his petition.

Drake filed his original petition in state court on May 2, 2011. Doc. 6-2. Defendants removed the case to this Court on May 26 (Doc. 1) and shortly after filed their motion to dismiss. Doc. 7. Drake has not responded to that motion.

Legal Standard

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b) (6). In *Bell Atlantic Corp. v. Twombly,*550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009), the Supreme Court confirmed that Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2).

To withstand a Rule 12(b)(6) motion, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 570; *see also Elsensohn v. St. Tammany Parish Sheriff's Office,* 530 F.3d 368, 372 (5th Cir. 2008). Under Rule 8(a)(2), plaintiffs are not required to include "'detailed factual allegations,' but more than 'an unadorned, the-defendant-unlawfully-harmed-me accusation' is needed." *Id.* (quoting *Twombly,* 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 129 S.Ct. at 1949. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly,* 550 U.S. at 556.

Analysis

Defendants move to dismiss Drake's original petition on the grounds that Drake's claims for wrongful foreclosure, negligence, and promissory estoppel fail as a matter of law. Doc. 7 at 8. Further, Defendants contend that allowing Plaintiff to replead his claims would be futile, and therefore request that the petition be dismissed with prejudice.

Drake's Claim for Wrongful Foreclosure

To state a claim for wrongful foreclosure in Texas, a plaintiff must show "(1) a defect in the foreclosure sale proceedings; (2) a grossly inadequate selling price; and (3) a causal connection between the defect and the grossly inadequate selling price." *Sauceda v. GMAC Mortg. Corp.*, 268 S.W.3d 135, 139 (Tex.App.-Corpus Christi 2008). Drake alleges that BOA and Wells Fargo conducted a wrongful foreclosure by "inexplicably reject[ing]" the timely mortgage payments which he sent, by "fail[ing] to provide adequate or timely notice to Plaintiff about the foreclosure sale, and in spite of the foreclosure, . . . [making] assurances to Plaintiff and his housing solutions representative that his loan would be reinstated." Doc. 6-2 at 7. Although such allegations may satisfy the first element of wrongful foreclosure, Drake has not pleaded a single fact that establishes the inadequacy of the sale price or a causal connection between that sale price and defective proceedings. Instead, Drake's allegations appear to be a collateral attack on the validity of the foreclosure sale on the grounds that BOA and Wells Fargo failed to comply with the terms of the mortgage agreement and the subsequent oral agreement to reinstate it. *See University Sav. Ass'n v. Springwoods Shopping Center*, 644 S.W.2d 705, 706 (Tex.,1982) ("Texas courts have consistently held that the terms set out in a deed of trust must be strictly followed."); *Slaughter v. Qualls*, 139 Tex. 340, 162 S.W.2d 671, 675 (Tex. 1942) ("A trustee has no power to sell the debtor's property, except such as may be found in the deed of trust."). Because Drake has failed adequately to plead a claim for wrongful foreclosure, his claim

must be dismissed. The Court nevertheless grants Drake leave to amend his complaint, if he so chooses, to restate his claim for wrongful foreclosure or add a claim collaterally attacking the validity of the foreclosure sale.

Negligence

Drake alleges that BOA was negligent when it "incurred a computer error that resulted in the rejection of Plaintiff's mortgage payments." Doc. 6-2 at 7. Further, BOA failed to correct the error after Drake drew it to BOA's attention. Drake alleges that BOA "had a duty to correct such error" and that BOA's failure was the proximate cause of Drake's resulting damages.

Texas courts have distinguished between actions sounding in contract and those sounding in tort on the basis of the source of the duty defendant is alleged to have breached. *See UMLIC VP LLC v. T & M Sales and Environmental Systems, Inc.*, 176 S.W.3d 595, 613 (Tex.App.–Corpus Christi 2005). "If a party must rely on the duties created in [a] contract, or if the negligence claim alleges the breach of the very duties encompassed in a contract, the action is in substance an action on the contract" and forecloses tort suits based on violation of the same duty. *Id.* (citing *Southwestern Bell Tel. Co. v. DeLanney*, 809 S.W.2d 493, 496 (Tex. 1991)(Gonzalez, J., concurring); *Johnson, Inc. v. Cont'l Constructors, Inc.*, 630 S.W.2d 365, 368 (Tex.App.-Austin 1982); *CBI NA–CON v. UOP Inc.*, 961 S.W.2d 336, 340 (Tex.App.-Houston [1st Dist.] 1997). "When a mortgagee exercises its option to sell property on which it has been granted a lien, the provisions it must follow governing the foreclosure and sale are contained in the deed of trust" and therefore are contractual, not legal, duties. *Id.* at 613-14.

Here, although Drake has failed to identify any contractual duties, the breach asserted is of the contractual duties arising from the terms of Drake's mortgage. This contractual duty forecloses his tort suit. Thus, while Drake's claim for negligence must be dismissed, the Court

grants Drake leave to amend his original petition to state a claim for breach of contractual duties arising from his mortgage.

Drake's Claim for Promissory Estoppel

Drake also makes a claim for promissory estoppel based on BOA's representation and promise "that it would correct the error that caused it to stop accepting Plaintiff's payments, and would reinstate Plaintiff's loan." The elements of promissory estoppel are "(1) a promise, (2) foreseeability of reliance thereon by the promisor, and (3) substantial reliance by the promisee to his detriment." *English v. Fischer*, 660 S.W.2d 521 (Tex. 1983). Drake has alleged the first element in the form of a purported promise to correct a computer error. He has not, however, pleaded the second or third elements. Drake states that after obtaining a "promise" from BOA to correct the computer error, he "was ready, willing, and able to resume making his payments." Doc. 6-2 at 4. He does not allege that he took any action, or refrained from taking any action, in reliance on the purported promise beyond forming a belief "that his loan would be reinstated per the resolution that was worked out with Bank of America." *Id. See English v. Fischer*, 660 S.W.2d at 524 (No detrimental reliance on promise when actions taken by promisee were those that "would necessarily have been done whether the [promisor undertook the promised action] or not.").

Additionally, the existence of a valid and enforceable contract forecloses Drake's promissory estoppel claim. *See Doctors Hosp. 1997, L.P. v. Sambuca Houston, L.P.*, 154 S.W.3d 534, 636 (Tex.App.–Houston [14th Dist.] 2004). In Texas, promissory estoppel only may be pled as an alternative to breach of contract. *Wheeler v. White*, 398 S.W.2d 93 (Tex. 1966). As discussed above regarding Drake's negligence claim, the essence of Drake's claims against BOA and Wells Fargo is their alleged failure to comply with the terms of the mortgage agreement.

Thus, to the extent that Drake is able to state a valid claim for promissory estoppel, he can only do so in the absence of a valid and enforceable contract with BOA and Wells Fargo.

For the foregoing reasons, Drake's promissory estoppel claim is dismissed.

Drake's Application for a Temporary Restraining Order and Temporary Injunction

In his original petition, Drake requested a temporary restraining order and preliminary injunction preventing BOA and Wells Fargo from evicting Drake from his property pending the outcome of this action. Under Texas law, "[i]njunctive relief is simply a form of equitable remedy." *Cook v. Wells Fargo Bank, N.A.*, 2010 WL 2772445, *4 (N.D.Tex. 2010)(citing *Brown v. Ke-Ping Xie*, 260 S.W.3d 118, 122 (Tex.App. 2008). To sustain a claim for injunctive relief, a plaintiff first must plead a viable underlying cause of action. *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 204 (Tex. 2002). Because Drake has not pleaded any viable cause of action, his claim for a injunctive relief must be denied.

Conclusion

For the foregoing reasons, the Court hereby

**ORDERS** that Defendants Wells Fargo Bank, N.A. and Bank of America, N.A.'s motion to dismiss Plaintiff Jason Drake's original state court petition (Doc. 7) is **GRANTED** but Plaintiff is granted leave to file an amended complaint within thirty days of receipt of this order. Failure to file a timely amended complaint will result in dismissal of this suit.

SIGNED at Houston, Texas, this 8th day of February, 2012.

MELINDA HARMON
UNITED STATES DISTRICT JUDGE